The Vice-Chancellor.—This
bill, although it contains • some allegations in respect of the proceedings in the suit subsequent to the entry of the decree complained of, is strictly a bill of review.
The complainant’s counsel attempt to sustain it in despite of the objections which I will presently notice, because the complainant was an infant when the decree was pronounced, and he was permitted by its terms, to show cause against it within six months after he became of age.
I think the counsel err in the effect which they give to this provision of the decree. It does not permit him to assail the decree in any mode that he pleases, without regard to the course of practice pursued by adult defendants. He cannot show cause, except in some regular proceeding adapted to the nature of the case; and in order to institute such proceeding, he must first obtain the leave and direction of the court. Not that the court in a case of any doubt, would refuse leave ; but that there is a sound judgment and discretion to be exercised in each instance, both as to the probable cause for granting leave, and the most expedient mode of effecting the object. Thus, in the instance before me, if the complainant had applied for permission to show cause by a bill of review, the court would doubtless have granted him a re-hearing or a bill in the nature of a bill of review, but as a condition of the order, he would have been required to abandon his appeal.
Therefore, this suit, regarded as a bill of review, must abide by the rules governing such bills when prosecuted by adults.
And first, this is an interlocutory decree, and in general there can be no bill of review of such a decree, (2 Barb. Ch. Pr. 93.)
Next, by the 173d rule of this court, no such bill can be filed without the special leave of the court first obtained ; and there was no leave for filing this bill. The same rule requires the party filing it, to make the like deposit or to give the security which he would be compelled to make or give on an appeal *615 from the decree; and nothing of the kind has been done on this occasion.
It is clear that this bill was irregularly filed, and that the defendants are entitled to have it set aside.
The two last objections which I have stated, are matters which the complainant might be permitted to obviate on terms; and his bill might be turned into an original bill in the nature of a bill of review, by an amendment, so as to obviate the first objection.
Bnt I think he ought not to proceed with a review or a rehearing, and carry on his appeal at the same time. The appeal is as effectual a remedy for the errors complained of, as a bill of review or a re-hearing can possibly be. He cannot, by amending this bill, stay the proceedings on the decree, on any easier or better terms, than were open to him on the appeal, and still are accessible by the order of the appellate court. Under such circumstances, it would be oppressive on these defendants, and an abuse of the discretion of the court, to permit the complainant, while he continues to prosecute his appeal, to amend this bill and relieve him from the other difficulties which stand in the way of sustaining it.
Bill of review set aside with fifteen dollars costs.